# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| RAUL HERRERA-PINA<br>Fed. Reg. No. 24125-180,<br>    Petitioner, | § § § § | |
| v. | § § | EP-11-CV-227-PRM<br>EP-08-CR-1907-PRM |
| UNITED STATES OF AMERICA,<br>    Respondent. | § § § | |

## MEMORANDUM OPINION & ORDER
## GRANTING PARTIAL HABEAS RELIEF

On this day, the Court considered pro se Petitioner Raul Herrera-Pina's (Herrera) "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 46)[1] [hereinafter Motion], filed on June 1, 2011; the United States of America's (the Government) "Response to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 50) [hereinafter Response], filed on August 4, 2011; Herrera's "Motion to Amend the Pending Motion to Vacate Filed Under 28 U.S.C. § 2255" (ECF No. 59) [hereinafter Motion to Amend Petition], filed on February 24, 2012; Herrera's "Motion to Amend Charge Noted in Pre[-]Sentence Report" (ECF No. 61) [hereinafter Motion to Amend PSR], filed on March 22, 2012; the Government's "Supplemental Response to Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 63) [hereinafter Supplemental Response], filed on April 5, 2012; and the Government's "Response to Motion to Be Resentenced" (ECF No. 66), filed on April 18, 2012 in the above-captioned cause. After due consideration, the Court is of the opinion that it should resentence Herrera.

---

[1] Unless otherwise indicated, throughout this Order, "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-08-CR-1907-PRM.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 1991, Herrera, a lawfully admitted permanent resident of the United States, pled guilty to attempted murder in El Paso County, Texas, and the state court imposed a ten-year probated sentence. Resp. Ex. 5 (providing the state court judgment); *see State v. Herrera*, Cause No. 61141 (243rd Dist. Ct., El Paso Cnty., Tex. 1991). The state court later revoked the probated sentence and sentenced Herrera to a term of imprisonment. Upon his release from prison in March of 1999, an immigration judge ordered Herrera's removal from the United States due to the attempted murder conviction. Mot. Ex. B. 6; Resp. Exs. 3-4.

In January of 2002, federal authorities found Herrera in El Paso, Texas and determined that he had not obtained the Attorney General's consent to reapply for admission. *United States v. Herrera-Pina*, EP-02-CR-282-PRM, Indictment, ECF No. 6 (W.D. Tex. Feb. 13, 2012). Along with the indictment, the Government filed notice that it would seek an enhanced penalty based on his prior state-court conviction for attempted murder. *Id.* Herrera elected to forego trial and pled guilty to the indictment. *Id.* J. in Criminal Case, Aug. 9, 2002, ECF No. 27. The Court sentenced him to forty-six months' confinement followed by three years' supervised release. *Id.* Herrera appealed and the Fifth Circuit Court of Appeals affirmed the judgment. *United States v. Herrera Pina*, 61 F. App'x 923, 2003 WL 1112596 (5th Cir. 2003). Consequently, federal officers removed Herrera from the United States to Mexico a second time in July of 2005.

In June of 2008, Immigration and Customs Enforcement agents again encountered Herrera in El Paso and concluded that he had returned to the United States without lawful permission to do so. Indictment, July 9, 2008, ECF No. 11. Along with the indictment, the Government filed notice that it would seek an enhanced penalty. ECF No. 12. Herrera pled

2

guilty to the indictment and the Court sentenced him to fifty-one months' confinement followed by three years' supervised release. J. in a Criminal Case, Sept. 18, 2008, ECF No. 25. The Court also granted the Government's motion to revoke Herrera's supervised release and sentenced him to an additional eight months' confinement. *Id.* The Fifth Circuit summarily affirmed the Court's judgment following Herrera's appeal. *United States v. Herrera-Pina*, 323 F. App'x 365, 2009 WL 1158683 (5th Cir. 2009). Herrera is currently confined for this present conviction at the Federal Correctional Institution in Coleman, Florida. Mot. 1.

On May 10, 2010, Herrera filed his first § 2255 motion to vacate his present conviction in the above-captioned cause. ECF No. 41. Therein, he argued that he is actually innocent of the attempted murder conviction that preceded his original deportation; therefore, he could not be guilty of illegal reentry. *Id.* The Court denied relief for a number of reasons. In so doing, the Court noted that "Herrera may bring a § 2255 challenge to his enhanced federal sentence only by first getting his prior state conviction vacated, either through state proceedings or a federal habeas challenge to those convictions themselves, and then moving to vacate his federal sentence pursuant to § 2255," which, at the time, he had failed to do. *Id.* at 7.

On October 22, 2010, Herrera filed an application for a writ of habeas corpus in the Texas Court of Criminal Appeals challenging his conviction for attempted murder. Resp. 2. Therein, he argued both that he was actually innocent of the crime because he was merely a hapless bystander during the incident and that he was entitled to relief pursuant to *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), because he entered his plea involuntarily given that he was not adequately advised of the deportation consequences of his plea. Mot. Ex. B. (containing Herrera's traverse from his state habeas proceeding). On May 11, 2011, the Texas Court of Criminal Appeals set aside his attempted murder conviction and remanded him to the custody of

3

the El Paso County Sheriff to answer the charges set forth in the original indictment. Mot. Ex. C; *Ex parte Herrera*, 2011 WL 1795270 (Tex. Crim. App. May 11, 2011). Thereafter, Herrera pled guilty to a Class B Misdemeanor for making a Terroristic Threat in violation of Texas Penal Code § 22.07. Mot. to Am. Pet. Exs. B, C. The state court sentenced Herrera to 180 days' confinement, which the state court determined he had previously served on the vacated-attempted murder conviction. *Id.* at 2, Ex. B.

In his present Motion, as modified by his Motion to Amend Petition, Herrera explicitly argues for relief based on five grounds: (1) that he is actually innocent of illegal reentry because the attempted murder conviction used to enhance his sentence has been vacated; (2) that the Court lacked jurisdiction to sentence him because his attempted murder conviction was subsequently vacated; (3) that his attorney provided ineffective assistance of counsel by ignoring Herrera's "concerns and statements regarding" his state charge which led to "unreasonable choices"; (4) that the Government engaged in prosecutorial misconduct by failing to investigate and to realize that his state conviction would later be set aside; and (5) that his attorneys were ineffective for failing to challenge the state conviction as unconstitutional. Mot. to Am. Pet. 1-2. The Court has already rejected identical claims and does so again for the reasons previously stated in *United States v. Herrera-Pina*, EP-02-CR-282-PRM, Mem. Op. & Order, ECF No. 68 (W. D. Tex. Apr. 13, 2012).[2] However, the Court perceives, as the gravamen of his present

---

[2] In short, the existence of a prior conviction is not an element of the offense of illegal reentry; it is a sentencing factor. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007)(explaining the continued applicability of *Almendarez-Torres*). Therefore, that a state court has vacated Herrera's prior conviction for attempted murder does not undermine any element critical to his conviction for illegal reentry because it was not essential to his conviction and he is not innocent of the crime for which he is presently being held. Second, the Court's jurisdiction is statutory and not contingent on the existence of a prior conviction. Third, Fourth, and Fifth, neither Herrera's attorneys nor the prosecutors were required to anticipate that the Supreme Court would

4

Motion, a request for relief of the nature described in dicta by the Supreme Court in *Custis v. United States*.[3] 511 U.S. 485, 497 (1994) (noting that "if [the petitioner] is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences"). In short, Herrera is petitioning the Court for resentencing given that the state court vacated his attempted murder conviction, which the Court used to enhance his sentence.

On April 4, 2012, the Court provided notice to both parties articulating the Court's liberal construction of the Motion and providing time for the Government to file a response. Notice to the Parties, ECF No. 62. The Government responded by informing the Court that it does not oppose resentencing. Resp. to Mot. to Be Resentenced.

## II.  LEGAL STANDARD

Herrera brings his Motion pursuant to 28 U.S.C. § 2255, which provides that prisoners in federal custody may collaterally attack their sentences by petitioning "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2006). Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (internal quotations and citations omitted). Therefore, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165

---

decide *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) and provide Herrera with an avenue for vacating his conviction.

[3] The Court has a duty to construe pro se pleadings liberally and permissively. *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Thus, "[u]nless the frivolousness of a claim is facially apparent, it is incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (internal quotations omitted).

(1982). After all, once a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *Frady*, 456 U.S. at 164). Lastly, petitioners seeking § 2255 relief bear the burden of "sustaining [their] contentions ... by a preponderance of the evidence." *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982).

## III. ANALYSIS

The Supreme Court, although in dicta, has remarked that defendants who successfully attack their state convictions used by a federal court to enhance their federal sentence may subsequently apply to the federal court to reopen "any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994); *see also United States v. Daniels*, 588 F.3d 835, 837 (5th Cir. 2009) (acknowledging that "§ 2255 relief may be appropriate when a state conviction that formed the basis of career offender status is invalidated after the federal sentencing" (citation and quotation omitted)). The Supreme Court more recently discussed the possibility of such relief and described the relevant procedural requirements in *Johnson v. United States*, 544 U.S. 295 (2005). Therein, the Supreme Court noted an assumption underlying its prior rulings in this area, namely "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id.* at 303. Further, the *Johnson* majority held that petitioners have not defaulted by failing to raise their claim within the one-year statute of limitations, so long as, from the date the federal court enters judgment based on the enhanced sentence, petitioners pursue an order vacating their prior state conviction with "due diligence" and seek federal relief within one year of receiving notice of the order vacating the prior conviction. *Id.* at 298.

## A. Due Diligence

Although the parameters of "due diligence" in the *Johnson* context have yet to be defined precisely, the Court determines that Herrera has complied with such a requirement considering the particular facts presented here. The *Johnson* majority provided that the time for assessing due diligence begins to run from the time the federal court enters judgment. 544 U.S. at 308-10. In this case, the clock started on September 18, 2008. ECF No. 25. In *Johnson*, the Supreme Court upheld the lower court's denial of relief because the petitioner failed to exercise due diligence by waiting over three years before attempting to vacate his state habeas convictions. 544 U.S. at 310-11. Further, even if the Supreme Court had tolled the clock in ways more favorable to the petitioner, which it declined to do, the resulting 21-month delay would also have been unreasonable. *Id.* Herrera waited just over 25 months before eventually filing his state habeas action on October 22, 2010, seeking to have his attempted murder conviction set aside. However, Herrera's situation is critically distinguishable from that in *Johnson*.

First, in concluding that the 21-month delay was unreasonable, the *Johnson* court noted that the petitioner "offered no explanation for this delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures." *Id.* It further remarked that there was "every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition." *Id.* In contrast, the apparent explanation for Herrera's delay is that the *Padilla* case, which formed the basis for relief in Herrera's state habeas case, was not decided until March 31, 2010. Therefore, the Court does not require Herrera to have pursued *Padilla*-type relief prior to that date. Moreover, there is no reason to believe that an earlier-filed state habeas petition would have caused the state to set aside his conviction any earlier. In fact, the record indicates that Herrera did file a pre-*Padilla* state

7

habeas action, but that his prior petition was rejected.[4] Accordingly, the Court is of the opinion that there is no reason to believe that Herrera could have obtained a state vacatur order prior to *Padilla*.

Second, Herrera filed his successful state habeas case less than seven months after *Padilla* was decided. Given that Herrera acted pro se and was limited to the resources available to him in prison, the Court finds that the seven-month delay was reasonable.

Third, and finally, in the 18 months between his federal conviction and *Padilla*, Herrera pursued a direct appeal and a prior petition for § 2255 relief. In both cases, he argued that his state court conviction was invalid. Although such arguments were rightfully rejected as immaterial to his case at that time, they evince a deliberate and consistent, although somewhat misguided, attempt to challenge his state conviction.

Whatever "due diligence" ultimately comes to mean, the Court is of the opinion that Herrera has met it here. Herrera filed his successful state habeas claim within seven months of the earliest time when he could have reasonably hoped to prevail in the state proceeding. In the interim, he pursued a number of misguided paths seeking relief, but all the while maintained that his state court conviction for attempted murder was infirm. If the phrase "due diligence" is to

---

[4] The records provided to the Court are incomplete and do not reflect the full history of Herrera's prior state habeas actions. However, in its order vacating Herrera's attempted murder conviction the Texas Court of Criminal Appeals remarked:

> "The trial court pointed out on remand that [Herrera] has previously sought habeas relief on the grounds that he was not properly admonished as to the consequences of his plea. However, at the time of his first writ application, [Herrera] had not been subject to deportation proceeding. At the time he filed this, his second application, [Herrera] had been deported, and is currently serving a federal sentence for illegal re-entry."

Mot. Ex. C.; *Ex parte Herrera*, 2011 WL 1795270 (Tex. Crim. App. May 11, 2011). Given that Herrera's two prior removals were in 1999 and 2005, the Court concludes that his prior state habeas petition was pre-Padilla.

have meaning beyond merely setting up a non-statutory limitations period that precedes vacatur of the state conviction, then it must have been met in a case such as this, where the petitioner has continuously and consistently pressed his case in the diligent manner described above.

B.     One Year Limitation

In addition to the due-diligence requirement discussed above, the *Johnson* court specified that the statutory one-year limitations period to file for § 2255 relief begins to run from the date that "a petitioner receives notice of the order vacating the prior conviction." 544 U.S. at 298. The earliest date Herrera could have received notice that his state court conviction was vacated is May 11, 2011, the date the Texas Court of Criminal Appeals entered its opinion setting aside his conviction. Herrera filed the present Motion on June 1, 2011—just 21 days following the vacatur of his attempted murder conviction. Accordingly, the Court determines that Herrera filed his Motion within the one-year statute of limitations period.

C.     Significance of the Vacated Prior Conviction

The *Johnson* court, in dicta, remarked that vacatur of the state conviction is "almost always necessary and always sufficient for relief." *Id.* at 306. However, there are exceptions.

For example, where the state conviction is dismissed "almost as a matter of course—and for reasons having nothing to do with 'innocence or errors of law,'" such as when a state court sets aside a deferred adjudication judgment following the completion of community supervision—then the petitioner is not entitled to resentencing. *United States v. Daniels*, 588 F.3d 835, 838 (5th Cir. 2009) (quoting United States Sentencing Guidelines Manual § 4A1.2 cmt. n.10). In the present case, the state court dismissed Herrera's conviction due to errors of

law—namely, that Herrera's counsel was constitutionally ineffective in light of *Padilla*.[5] Therefore, Herrera's vacated conviction would not be used to determine his Guideline sentence.[6] Accordingly, the Court determines that *Daniels* does not preclude resentencing Herrera.

An additional exception arises when, if despite a vacated conviction, another conviction remains on a petitioner's record that is itself sufficient to support the original enhancement; in such a case, the petitioner has failed to merit resentencing. *United States v. Pettiford*, 612 F.3d 270, 277-78 (4th Cir. 2010). After reviewing Herrera's Presentence Report, the Court concludes that there are no other convictions that support the original enhancement.

Given that none of the exceptions are applicable, the Court determines that it should resentence Herrera in a manner consistent with *Johnson*.

## IV. CONCLUSION

The Court construes Herrera's Motion as a request for resentencing given that the state court has vacated Herrera's prior attempted murder conviction that provided the basis to enhance his present sentence. The Government is unopposed to such relief and the Court finds that it is warranted under the present circumstances.

---

[5] The Texas Court of Criminal Appeals gave only one reason for setting aside Herrera's attempted murder conviction. It indicated that Herrera had not been properly admonished as to the immigration consequences of his guilty plea and, accordingly, was entitled to relief. Mot. Ex. C; *Ex parte Herrera*, 2011 WL 1795270 (Tex. Crim. App. May 11, 2011). It did not discuss Herrera's claim to have been actually innocent of the crime. Therefore, the Court can conclude only that the deficient admonishment was alone a sufficient basis for vacating the sentence; the Court cannot determine whether Herrera's actual innocence claim might have been an independently sufficient basis.

[6] The United States Sentencing Guidelines Manual § 4A1.2 specifies that "sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently-discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." § 4A1.2 cmt. n.6.

Accordingly, **IT IS ORDERED** that Raul Herrera-Pina's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 46) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Raul Herrera-Pina is **SET** for **RESENTENCING** on **June 20, 2012 at 8:30 a.m.** in Courtroom 621, on the Sixth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

**IT IS FURTHER ORDERED** that attorney Alex Melendez is appointed as counsel of record for Defendant Raul Herrera-Pina and must visit, contact, or correspond with Defendant by no later than May 25, 2012.

**IT IS FURTHER ORDERED** that the United States Probation Officer assigned to this cause **EXPEDITE** preparation of a revised Presentence Investigation Report.

**IT IS FURTHER ORDERED** that Herrera's "Motion to Amend Charge Noted in Pre[-]Sentence Report" (ECF No. 61) is **DISMISSED WITHOUT PREJUDICE** so that he may consult with his counsel and the probation officer assigned to draft the report.

**IT IS FURTHER ORDERED** that all other motions, if any, are **DENIED AS MOOT**.

**SIGNED** this **14th day of May, 2012.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE